EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
DOUGLAS DANZIG
Deputy Attorney General
MATTHEW MULFORD, State Bar No. 184000
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2227
Fax: (619) 645-2271
Email: Matthew.Mulford@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES LYNN O'HINES,**<br><br>Petitioner,<br><br>v.<br><br>**ONTIVEROS, Warden,**<br><br>Respondent. | 08-0698 BEN (PCL)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION AND FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Judge: Hon. Peter C. Lewis |

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
DOUGLAS DANZIG
Deputy Attorney General
MATTHEW MULFORD, State Bar No. 184000
Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2227
Fax: (619) 645-2271
Email: Matthew.Mulford@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES LYNN O'HINES,**<br><br>Petitioner,<br><br>**v.**<br><br>**ONTIVEROS, Warden,**<br><br>Respondent. | 08-0698 BEN (PCL)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION AND FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Judge: Hon. Peter C. Lewis |

In 1998, O'Hines pleaded guilty to assaulting a correctional official, and he served a five-year term. As a condition of his 2003 parole, moreover, he was committed to a state mental hospital as a mentally disordered offender. O'Hines appears to have been discharged from all California custody in August 2005, and his current custody seems to stem from a 2006 conviction in the State of Arizona for aggravated assault.

Because O'Hines is in not in California custody, this Court lacks jurisdiction to rule on his challenges to the 1998 California conviction. 28 U.S.C. § 2254(a). Any such challenge, moreover, is barred by the one-year statute of limitations. 28 U.S.C. § 2244(d). Although the California

Attorney General's Office is not sure whether O'Hines's operative pleading is the Petition or the First Amended Petition, the following arguments apply to the documents he filed on April 14, 2008, and on May 27, 2008.

**Procedural History**

On February 10, 1998, O'Hines pleaded guilty, under the name James Lynn Hines, in San Diego County Superior Court case number SF122463, to battery on a correctional officer (Cal. Penal Code § 4501.5), and he admitted he had served a prior term in prison (Cal. Penal Code § 667.5(b)). (Lodgment 1 at 4-5.) Hines admitted he "threw a chair which injured officer Plummer" and he agreed to a stipulated sentence of five years. (Lodgment 1 at 4-5, ¶¶ 2, 12.) He seems not to have filed an appeal.

Five years later, when O'Hines was eligible to receive parole, prison officials believed that he was a mentally disordered offender (an "MDO;" *see* Cal. Penal Code § 2962), who required treatment in a state hospital. (Lodgment 2 ("CT") at 1.) After a hearing, in which O'Hines proceeded under the name Jackson Malloy (Cal. Penal Code § 2966), the San Luis Obispo County Superior Court on April 22, 2003, found that he was an MDO and committed him to the California Department of Mental Health. (CT at 6-7; *see* Lodgment 3 ("RT").) O'Hines appealed this determination, but his appointed appellate counsel could find no arguable issues to raise, and the California Court of Appeal affirmed the commitment on October 28, 2003. (Lodgments 4-6.)

O'Hines seems to have been discharged from California custody on August 6, 2005. (Declaration of Judy Groschwitz.)

Internet records from Arizona, moreover, indicate that O'Hines is currently serving, under the name Hines, an Arizona sentence for aggravated assault. (Lodgment 8.)

O'Hines alleges that he has filed other habeas corpus petitions in California state court, but the California Attorney General's Office has not yet been able to verify or document these allegations. Even if true, however, and even if O'Hines has exhausted all of his claims, the following arguments should be sufficient to deny him relief. *See* 28 U.S.C. § 2254(b) (regarding this Court's ability to deny meritless claims, even if unexhausted).

///

## ARGUMENT

## I.

### O'HINES IS NOT IN CALIFORNIA CUSTODY, AND THIS COURT THUS LACKS JURISDICTION

O'Hines is in the custody of Arizona, but not California. (*See* Order of May 5, 2008 (noting that John Ontiveros is the Warden of Arizona State Prison Complex, Eyman)).) As such, he cannot receive relief under 28 U.S.C. § 2254, which provides relief for "a person in custody pursuant to the judgment of a State court." Because O'Hines is no longer in California custody for the state-court judgment that is the subject of his arguments (*see* Doc. 1 at 1 of 13, ¶¶ 2, 3 (regarding "SRF122463"); *also* Doc. 8 at 1 of 12, ¶¶ 2, 3 ), he has not presented a judicable "case or controversy" that could provide him relief, and this Court lacks subject matter jurisdiction.

This Court lacks jurisdiction to consider a Petition unless the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998) (holding that a requirement to register as a sex offender was not "custody"). The Supreme Court has interpreted this language as "requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (emphasis added); *cf. Peyton v. Rowe*, 391 U.S. 54, 67, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968) (where petitioner serving the first of two consecutive sentences, he was in custody for purposes of challenging the second sentence that he had not yet begun to serve). A petitioner who has served his sentence and is no longer subject to court supervision is no longer in custody under 28 U.S.C. § 2254. *DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

As best as the California Attorney General's Office can tell, O'Hines was discharged from state custody in August 2005. (*See* Declaration of Judy Gorschwitz.) O'Hines's Petition, moreover, names John Ontiveros as his custodian, but Ontiveros appears to be an Arizona, but not California, official. O'Hines is not in California state custody, and so this Court lacks the ability to grant him release from California's custody. The case must be dismissed for a lack of standing and jurisdiction.

## II.

## O'HINES WAITED TOO LONG BEFORE SEEKING FEDERAL RELIEF, WHICH MEANS HIS PETITION IS BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS

O'Hines's state-court conviction became final for federal purposes in April 1998, but he does not allege that he began to seek any collateral relief until more than four years later. (*See* Doc. 8 at 2 of 12, ¶ 11(b), (c).) Because it appears that O'Hines should have known about his claims no later than the date he pleaded guilty, he is not entitled to a later start of the limitations period or to equitable tolling. His claims must be dismissed.

### A. O'Hines's State-Court Decision Became Final In March 1998

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

O'Hines did not appeal his conviction or sentence. His conviction became final for federal purposes sixty days after he pleaded guilty and was sentenced on February 10, 1998, that is, April 9, 1998. (*See* Lodgment 1 at 4); *Lewis v. Mitchell*, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001); *also Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002) (relying on Cal. Ct. R. to establish date of finality).

O'Hines knew, or reasonably should have known, about the factual predicate of each of his claims no later than the date of finality. *See Hasan v. Galaza*, 254 F.3d 1150, 1154-55 n.3 (9th Cir. 2001) (noting that the standard for determining a claim's factual predicate is objective). Absent either a delayed start to the limitations period under § 2254(d)(1) or statutory tolling under 2254(d)(2), O'Hines had until July 8, 2003, to file his federal petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). O'Hines's Petition was filed much too late.

**B. O'Hines Is Not Entitled To Sufficient Statutory Tolling Under 2244(d)(2)**

O'Hines alleges that he sought some collateral relief in the California courts, but not until after the federal statute of limitations expired. Because he waited more than a year after his conviction became final before he sought any state-court relief, the federal limitations period expired, and he is not entitled to any statutory tolling for any of his state habeas corpus petitions. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Green v. White*, 223 F.3d 1001 (9th Cir. 2000). O'Hines is not entitled to sufficient statutory tolling to make the Petition or First Amended Petition timely.

**C. O'Hines Is Not Entitled To Any Equitable Tolling**

The Supreme Court has not ruled whether equitable tolling should apply to habeas corpus petitions. *See Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). But under other Supreme Court precedent, it should not. *See Bowles v. Russell*, __U.S.__, 127 S. Ct. 2360, 2364-66, 168 L. Ed. 2d 96 (2007) (distinguishing statute-based time limits from rule-based time limits); *United States v. Beggerly*, 524 U.S. 38, 48, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1998)

(holding that equitable tolling was unavailable under the Quiet Title Act because it would be inconsistent with Congressional intent).

Even under extant circuit precedent, O'Hines has done nothing to carry his burden of establishing that he is entitled to equitable tolling. *See Smith v. Duncan*, 297 F.3d at 814; *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002). O'Hines bears the burden of establishing equitable tolling, and in order to do so he must demonstrate: (1) extraordinary circumstances beyond his control that (2) made it impossible to file a petition on time. *Id.* at 1066-67 (attorney miscalculation of AEDPA limitations period did not merit equitable tolling). Equitable tolling is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

O'Hines does not appear to make any argument regarding equitable tolling of the statute of limitations, nor should he be able to. He appears to have become dissatisfied with his plea bargain only many years after the fact. His Petition, or First Amended Petition, is late, and it must be dismissed with prejudice.

**CONCLUSION**

O'Hines's Petition and First Amended Petition should be dismissed due to a lack of jurisdiction, and also because they are barred by the statute of limitations.

Dated: July 14, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

DOUGLAS DANZIG
Deputy Attorney General

s/ Matthew Mulford

MATTHEW MULFORD
Deputy Attorney General

Attorneys for Respondent

MM:adc
80259533.wpd

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **O'Hines v. Ontiveros**

No.: **08-0698 BEN (PCL)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 14, 2008, I served the attached **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION AND FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

James Lynn O'Hines
197067
ASPC-Eyman
SMU II
P.O. Box 3400
Florence, AZ 85232
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 14, 2008, at San Diego, California.

| | |
|---|---|
| A. Curiel | [signature] |
| Declarant | Signature |

80259783.wpd