James-Lynn-o-Hines 197067
Box 3400 4 D 40 smu II
ASPC Florence Az State Prison
Florence Az 85232.

FILED
2008 AUG 27 PM 1:22
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY RM DEPUTY

U.S. Southern Federal District Courts
880 Front Street Ste 4290
San Diego Ca. 92101-8900

NUNC PRO TUNC
AUG 21 2008

28 U.S.C. 1332 (a)

Memorandum Notice(s): case No.# 08-0698 BEN (PCL).
F.R.A.P. 35. En Banc "Nunc pro tunc Request"
Determination Petition. for: {SRF 122463 * }
{B167222 civil M.O.D.}
{CR2004 1290 4400 / 05.}

Inre: Hines v. Ontiveros.

Duplicitous Appeal of Diversity Jurisdiction
"Legal points, Statutes, and Authorities"

As follows =, Petitioner exparte for a denovo review clearly demonstrates the Authority forthwith for review as cognizable on behalf of appellant pro periu persona.

1. "In the interest of justice" sic ...

Jencks v. (United States) U.S. 353 U.S. 657 1 LEd. 2d. 1103 77 S. Ct. 1007. (1957) - 18 USC § 3401(c) for that the appellate courts review ("special conditions of parole under: (aka Malloy, Jackson, K86484") prior: to amended abstract of: judgement: to allow the class-action prisoner: "Coleman vs. Wilson v. Schwarzenegger" an affirmative defense(s) Alibi, Allocution. 2. Morrissey v. Brewer 408 US 471 489 (1972).

3. F.R.A.P. 2. "Suspension of Rules."

James Lynn O'Hines 197067
Box 3400 1 No smart
aka Jackson Malloy K86984
Florence Az. 85232

U.S. Southern District Courts
880 Front Street Ste 4290
San Diego Ca. 92101 - 8900.

James Lynn O'Hines — Case NO. 08 0698 Ben PCL.
v. — exparte pro/per pro/se
Ombudsman John Ontiveros

"Petition for Rehearing En Banc."

Post-judicial decision(s) in re: Hines v. Ontiveros 08 0698 Ben PCL. Appellant depends upon a transitory Action for reply to Motion to dismiss and Declaration with Traverse and Opposition pre-filed exparte without counsel. And adjective dispositive prisoner's appeal without petition for rehearing en banc would deny petitioner "Grounds four" continued, amended, that permit petitioner as a Native American, to be an indispensable party, to make an of right claim supported "dually" by Memorandum case at law Authority: Morrissey v. Brewer. 408 US 471 489 (1972).

The special condition(s) of Parole review by statute 18 u.s.c. / 3401.(i) are succinctly clear and convincing --- sic --- "credibility", mitigating factors, "allocution", under the consolidated alternative double jeopardy standard to civil authority from a state authority (found competent to reconvict) pending a discharge should be re-viewed for favorable modification, resolution of dispute.

and that dispute resulting is a tri-applicable quasi-jurisdiction question inre: Traverse and opposition defenses and objections, Response and Reply to the Opposing party and the attorneys representing (them.).

The parollee under any supervising agencies of Parole and community services division(s) prior to the declaration of computer analysts and Motion to dismiss retro-actively pre-post arrest, conviction(s) and sentencing is entitled to relief of Federal Authoritive review for an ambigous term(s) with no other notice(s) of discharge@ by the divisions of supervising authority that should, would, and can alter the judgement(s) and amend any decision(s) adverse in the pursuit of justice: Jencks v U.S. 353 US 657 1 LEd 2d 1103 77 SCT. 1007 (1957).

"The interest of the United States in a criminal prosecution is not that it shall win the case but that justice will be done." SRF 122463 and the consolidated civil M.D.O. conviction have disabled the appellant tri-fold for: controlling custody and retrospective review of parollee w/ new term "special conditions" to apply to all three (3) convictions as: (two cases of Legal malpractice and Medical malpractice) violating the self-incrimination right of a parollee (undergoing therapy of a Doctors group civil authority from a State Hospital), and twice arrested in hospitals Calif to Arizona denied a Venue (unfair and (pre-post) Impartial) for relief of conditions of parole, incarceration(s).

7/31/08 pro persona persona; James Lynn Odle 2