FILED
2008 AUG 27 PM 1:21
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
RM DEPUTY

United States District Fed. Cts.
Southern Dist of Calif San Diego.
880 Front Street Suite 4290.
San Diego Calif 92101. 8900.

NUNC PRO TUNC
AUG 20 2008

Inre: Hines, James, Lynn vs.
Ombudsman Ontiveros, John.
Case No. 308 CV00698 Ben Pcl
nunc pro tunc
exparte for de novo review
w/ proof of service

§ Memorandum Notice Statutes points §
and Authorities total #. 4 pgs.

paragraphs. # 28 usca § 1404 (a)
A.B.C.D.E.F. Corrective pleading Amendment and:
1-A1B1C1D. Attachments: San Diego Calif and.
Los Angeles Calif. case No. SRF122463
308 cv00698 Ben Pcl 208 cv 4748
for consolidated civil mdo trial (Cal App. 2003)
E. 2003 WL 22436278. Coleman vs. Wilson. vs. Gov.
A.B.C.D.E. Fed. R. App. p. 5. Fed. R of Evid 30(b)(6).
Fed. R. Crim p. 32.1 and 40. Fed. R.
E. Civ. p. 19.b. Fed. R. Crim. p. 35.
1B.1C 1D. Cases at law: Morrissey v. Brewer 408 U.S.
491 1489 (1972). and Cortes-Quinones v.
Jimenez Nettleship 438 § F.1. N.81 § F3. n.233
chpt.) 18 usc § 3142 § 3401(i) 42 usc § 1346 (c)

paragraph F. Indians Mixed Bloods. 42 CJS § 3 1991. 42 USCA § 9601 (36) 42 USCA § 300f (14). 40 CFR § 146.3. Traverse and Opposition

A B C D E. 92 CJS § 8 (Venue) at 678-79. (1955) Equal protection Mosley v. police dept. 408 US. 92 95 92 SCt 2286 2290 (1972).

B. C. Patrick v. Burget 486 US 84 100-01 SCt. 1653 1663 (1988).

August 17th 2008

James Lynn O'Hines
[illegible]

Allen Malloy Jackson
[illegible]

pro/se.

United States District Federal
Southern District of California
880 Front Street Suite 4290
San Diego Calif 92101 -8900.

Eumos Lynn O'Hinos
v.
Ombudsman Warden John Ontiveros

Case No. 308 CV00698 Ben PCL.

A. Response and Reply Amendment:

To: Declaration of computer analyst Ms. Judy Groschwitz. Morrissey v. Brewer 408 US 471 484 1972. F.R.A.P. 8 and 38. Fed. R. civil p. 32.1. and 40. statutes 18 USC § 3901 (1) § 3142.

B. This conviction by consolidation imposes and creates a civil & employment disability. Employer is Robert Dougherty and prospectively Joel Cole and Claudell Stephens of Calif, Florida and of: Mississippi. As a pro se litigant under the Absolute priority Rule for Henry's Mans'.

C. And the petitioner prays for the court to stay the disability on any terms appropriate. Intec Joe Cole County, Florida. (ex).

D In general under Federal statute 18 USC § 3401 (i) It is mandated that the Federal court review special conditions of parole from Atascadero State Hospital to Southpoint El cajon to a "parish" of 22nd street in San Diego Ca. Golden Hills Parole and community services division of Con Rep a county mental health forensic team. Dr. Jarvis, Dr. Williams LCSW Bonnie Only Dave Mullins and Director Jane Shell LCSW Jim Henderson.

E. Consideration of defendants continued custody or release. incl: Coleman vs Wilson vs Schwarzenegger 18 USC § 3142. for a class action special master appt. for pre-post retro-active application as a parole violator.

F. Indian Tribal Rights? Yes. mixed bloods. 1/2 breed by law. Seminole Tribe Indians of Springfield Illinois and Greenville Florida and Seminole Florida circa 1900. Calif to Arizona a prejudice and bias venue while on parole 8/30/05 oral motion change of venue denied for controlling case.

1 A. The facts necessary to understand the questions presented? Does commitment to another district involve a future deposition for testimony in re: contract w/ Parole & CSP. Con Rep civil authority? Fed R. Civ P. 30(b)(6)

2 B. The question itself? Did the double jeopardy violate 9th circuit special master appt in a class action ruling for prisoners?

1 C. The relief sought? Complete diversity for equal protection and compensatory and punitive damages under 42 U.S.C. § 1396 (c) at over $75,000.00 (a month $25,000.00) (a day $500.00), and conversion of custody. 28 U.S.C. § 1404 (a). $400,000.00

1 D. The reasons why the appeal should be allowed, the orders, decrees and/or judgements complained of, and any complained of and any related opinion or memorandum and any order stating the district courts permission to appeal or finding the necessary conditions are met? attached. (1 & 2).

Certificate of Service - Fed. R. civ p. 5.

I as plaintiff pro se do hereby declare that As of August 17 2008 I mailed to the clerk of the courts at 880 Front Street Suite 4290 San Diego California 92101-8900. One (1) hand written copy for exparte denovo nunc pro tunc review.

And on August 17 2008 I mailed to opposing party at 202 "c" street (the same indgrediants of all said Motions) San Diego Ca. 92101. Marilyn Mulford In c/o Criminal Appeals Div:

8/17/08

James Lynn O'Hare.
[illegible]
Allen Jackson Motley
[illegible]

## Other Orders/Judgments

3:08-cv-00698-BEN-PCL O'Hines v. Ontiveros

**U.S. District Court**

**Southern District of California**

## Notice of Electronic Filing

The following transaction was entered on 8/1/2008 at 1:34 PM PDT and filed on 8/1/2008

**Case Name:** O'Hines v. Ontiveros
**Case Number:** 3:08-cv-698
**Filer:** James Lynn O'Hines
**Document Number:** 22

**Docket Text:**
**Discrepancy Order by Magistrate Judge Peter C. Lewis accepting document: Opposition and Traverse from Petitioner James Lynn O'Hines, non-compliance with local rule Other: No proof of service. (All non-registered users served via U.S. Mail Service).(rmm)**

**3:08-cv-698 Notice has been electronically mailed to:**

Attorney General docketingsdawt@doj.ca.gov

Matthew C Mulford Matthew.Mulford@doj.ca.gov, DocketingSDAWT@doj.ca.gov, ECFCoordinator@doj.ca.gov, Susan.Volsky@doj.ca.gov, alicia.curiel@doj.ca.gov, matt_mulford@yahoo.com

**3:08-cv-698 Notice has been delivered by other means to:**

James Lynn O'Hines
197067
ASPC-Eyman
SMU II
PO Box 3400
Florence, AZ 85232

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=8/1/2008] [FileNumber=2748176-0]
[cc4a17893cceb52bf1ad973bd3007da25db05996a7e29281025c13afa43810472882
82c64da48254026d3411bdc0cb90bebf4e1980883c719b2572a4999f50e9]]

Date Transmitted: 7/30/2008 11:38:54 AM

2:08-cv-4798 Doc: 4

James Lynn O'Hines
Florence Arizona Department of Corrections
PrisonerID BK 197067
P O Box 3400
Florence, AZ 85232
US

Number of Pages: 1

***It is hereby certified that this document was served by first class mail postage prepaid or by fax or e-mail delivery to counsel (or parties) at their respective address or fax number or e-mail address of record.***

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES LYNN O'HINES, Petitioner, v. NORWALK POLICE STATION, et al., Respondents. | NO. CV 08-4798-CAS (MAN) JUDGMENT |

Pursuant to the Court's Order Dismissing Petition Without Prejudice,

IT IS ADJUDGED that the above-captioned action is dismissed without prejudice, for failure to exhaust available state remedies.

DATED: July 25, 2008.

Christina A. Snyder
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES LYNN O'HINES,<br>Petitioner,<br>v.<br>NORWALK POLICE STATION, et al.,<br>Respondents. | NO. CV 08-4798-CAS (MAN)<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE |

Plaintiff, an Arizona state prisoner who is incarcerated in an Arizona state prison, has submitted a "Motion to Vacate Sentence & Civil," which was construed as a habeas petition pursuant to 28 U.S.C. § 2254[1] ("Petition"), and was filed on July 22, 2008. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it is apparent from the face of the Petition that a Rule 4 summary dismissal is required.

---

[1] Petitioner alleges that he seeks relief with respect to a "California conviction" that resulted in an order of commitment issued by the San Luis Obispo Superior Court, pursuant to finding of "M.D.O." (mentally-disordered offender) status. (Petition at 2.)

appeal, habeas, or other post-conviction filing.[3] While Petitioner did file an appeal in the California Court of Appeal, the state appellate court affirmed the judgment/order of commitment on October 28, 2003,[4] and Petitioner did not seek relief in the California Supreme Court. Thus, Petitioner has not given the state high court a chance to rule on his claims (whatever they may be) and has failed to exhaust his available state court remedies. Accordingly, the Petition must be dismissed without prejudice. Rose, 455 U.S. at 522, 102 S. Ct. at 1205.

For the foregoing reasons, IT IS ORDERED that Judgment be entered dismissing this action without prejudice for failure to exhaust available state remedies.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 25, 2008.

Christina A. Snyder

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

Margaret A. Nagle

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[3] *See* California Appellate Courts - Case Information web site <http://www.appellatecases.courtinfo.ca.gov>.

[4] *See* People v. Malloy, 2003 WL 22436278 (Cal. App. 2003) (following a court trial in which he was determined to be a mentally disordered offender, Petitioner was committed to the California Department of Mental Heal for treatment as a condition of his parole).

The Petition consists of five handwritten pages containing rambling and substantially incoherent allegations. Petitioner names as Respondents: the Norwalk Police Station of the Los Angeles Police Department ("LAPD"); William Bratton, Chief of the LAPD; and "The Smiths" and other persons identified by last name only, who apparently are, or are alleged to be, correctional officers. These named entities and persons are not proper respondents, as none of them is the "state officer" having custody of Petitioner. *See* Rule 2(a) of the Rules Governing Section 2254 Habeas Cases. Moreover, in violation of Rule 2(c), the Petition fails to state any claim for relief. Petitioner's cryptic and vague allegations about numerous extraneous matters (*e.g.*, regarding various religions, an insurance claim, other federal actions he has brought, "secret society activities," "child molestation and Haight-Ashbury 'Black-House' unorthodoxism," occult practices, Chandra Levy, etc.) have no relevance to habeas relief that may be sought in this District.

The above-noted problems with the Petition clearly warrant its dismissal under Rule 4. The Court concludes, however, that leave to amend is not warranted. Even if Petitioner, *arguendo*, could allege a claim constituting a challenge to a California conviction and name a proper respondent, there is an additional and fundamental problem with the Petition, namely, its fully unexhausted status.

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203

(1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies.")[2] "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* these claims are presented to the federal courts." O'Sullivan v. Boeckerl, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004)(in order to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See id.* at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

The Court has reviewed the California Supreme Court electronic docket to check for filings by Petitioner under any of the various names he alleges in the instant Petition and has used in prior filings in this District. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice that this state docket shows that Petitioner has not filed *any* action in the California Supreme Court, whether an

---

[2] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992). *See also* Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675-76 (1987).